## JOHN H. SCOTT v. C. L. PHILLIPS.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued January 26, 1891—Decided February 16, 1891.

Where an attachment execution was issued upon a conditional judgment, and the only breach of the bond averred was that the defendant had failed to pay certain over-due premiums on a policy of insurance on his life, it was not error to set aside the attachment, upon payment by the defendant of the over-due premiums and the costs.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCollum and MITCHELL, JJ.

No. 199 July Term 1890, Sup. Ct.; court below, No. 943 March Term 1890, C. P. No. 2.

On May 29, 1890, a judgment was entered in favor of John H. Scott against Charles L. Phillips, on a bond, with warrant of attorney, dated August 13, 1888, for $5,000, " conditioned for the payment to him in full, from the residuary estate of Henry M. Phillips, deceased, of the sum of $5,000 with interest, as shown in the assignment thereof by me, and the keeping in force and paid at my expense till then, of a life policy of insurance of $5,000 on my life."

On May 31, 1890, the plaintiff having filed an affidavit averring that the defendant had neglected and refused " to keep alive and pay for at his expense the said policy of insurance of $5,000 on his life, in violation of his agreement made with plaintiff," damages were assessed at $5,340, and an attachment execution issued, afterwards served on the Pennsyl-

vania Co. for Insurance, etc., executor of the will of Henry M. Phillips, deceased, summoned as garnishee.

On June 11, 1890, the defendant presented his petition averring, inter alia, as follows:

"Deponent never received from plaintiff for or on account of said bond, or of the assignment therein recited, more than $1,862. Plaintiff paid $138 for the premiums on a life policy, the two sums making $2,000 which was all the plaintiff loaned to deponent. The premiums for the quarters falling due in 1889 and 1890 deponent owes and no more. They amount, to deponent's best belief, to the sum of $100. By agreement between plaintiff and deponent, the insurance company was notified by deponent to send the notices for premiums addressed to the care of plaintiff, who was to open them. Plaintiff never notified deponent of the premiums now due, and never asked deponent to pay them. The deponent is not entitled to any portion of the residuary estate of Henry M. Phillips, deceased, until the death of deponent's aunts, Miss Emily Phillips and Miss Ellen Phillips, who are both in full life. In face of these facts, the plaintiff has issued an attachment in execution for $5,000, with interest and costs."

A rule granted upon the said petition having been heard, without answer filed, on June 21, 1890, an order was entered making the "rule absolute, upon payment of over-due premiums and costs." Thereupon the plaintiff took this appeal, assigning the said order for error.

*Mr. Henry J. Scott,* for the appellant:

The plaintiff stands in a peculiar position. It is uncertain whether or not the legacy will ever be paid, and certainly not until after the death of defendant's two aunts, "who are both in full life," as is shown in defendant's affidavit. Defendant refuses to pay the premiums, and thereby deprives plaintiff of all protection. It was to provide for such a contingency that the bond in suit was taken and executed. Defendant certainly cannot complain of his own default, and of right he should not. It is respectfully submitted that the plaintiff ought to be permitted to pursue the only remedy he has, to wit, action upon the bond in suit.

Syllabus.

*Mr. F. Carroll Brewster,* for the appellee.

Counsel cited : Hopkins v. Deaves, 2 Bro. 93.

PER CURIAM :

The court below set aside the attachment execution, upon the payment of over-due premiums and costs. We do not see any error in this. The only breach of the bond was the non-payment of the premiums. This is all the plaintiff can at present collect upon it; and when they are paid, with the costs, he has no further cause of complaint.

Affirmed.